UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN:CIITE MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:16-cv-00629 |
| | ) JUDGE CRENSHAW |
| CHRISTMAS OF LIGHT PRODUCTIONS, LLC, *et. al.*, | ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff In:ciite Media, LLC, ("In:ciite") filed this action against Defendants, pursuant to 28 U.S.C. § 1332, after Defendants allegedly breached their contract with In:ciite. Before the Court are two motions to dismiss. E&D Assets, LLC ("E&D"), and Eugene Sak filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 36.) Ryan Baker and Noiseblock Entertainment Group, LLC ("Noiseblock"), filed a motion to dismiss for lack of personal jurisdiction. (Doc. No. 43.) For the following reasons, the motions to dismiss are **DENIED**.

I. ALLEGATIONS

On May 1, 2015, Provident Global Capital ("PGC") contracted with In:ciite to be its virtual record company. (Doc. No. 1 at ¶ 17.) The parties signed a Master Services Agreement, which contained a choice of venue clause providing that all disputes would be litigated in the United States District Court for the Middle District of Tennessee. (Id. at ¶ 14.) Later that year, PGC contracted with In:ciite to run a live Christmas show containing music produced under the Master Services Agreement. (Id. at ¶¶ 25, 27.) The parties determined that the location of the show would be in Sevierville, Tennessee, and would run from November 1, 2015, until January 2, 2015. (Id. at ¶¶ 27-28.)

In November 2015, In:ciite learned that PGC assigned all of its contracts, including the Show Agreement, to Christmas of Light. (Id. at ¶ 35.) At that time, In:ciite still needed $734,800 to fully-fund and produce the show. (Id. at ¶ 36.) In:ciite discussed its issue with Gary and Ryan Baker in Sevierville, Tennessee, around Thanksgiving 2015. (Id. at ¶ 36.) The Bakers affirmatively promised that In:ciite's production fee would be fully-paid. (Id.) The Bakers did so as "agents, manager[s], officers, members, and/or owners of both [Christmas of Light] and [Noiseblock]." (Id. at ¶ 37.) Eugene Sak, owner of E&D, directed the Bakers to make those statements in order to convince In:ciite to continue working on the show. (Id. at ¶ 38.) The show ran from November 1, 2015, until January 2, 2016, and is set to return for the 2016 Christmas season. (Id. at 39-40.)

II. STANDARD OF REVIEW

Rule 12(b)(2) allows a defendant to file a motion to dismiss for lack of personal jurisdiction. "In a diversity action, the law of the forum state dictates whether personal jurisdiction exists, subject to constitutional limitations." Intera Corp. v. Henderson, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee's long-arm statute, Tennessee Code Annotated Section 20-2-214, provides that a Tennessee court may exercise jurisdiction over an out-of-state defendant on "[a]ny basis not inconsistent with the constitution of this state or of the United States." Id. at (6). Accordingly, the long-arm statute has been consistently construed to extend to the limits of federal due process. Gordon v. Greenview Hosp., Inc., 300 S.W.3d 635, 645 (Tenn. 2009).

III. ANALYSIS

Sak, E&D, Baker, and Noiseblock all claim that the Court does not have personal jurisdiction over them. (Docs. No. 36, 43.) In:ciite claims that the Court may exercise personal jurisdiction over all defendants. (Doc. No. 58.) The Court agrees with In:ciite.

A. SAK AND E&D

Sak is a resident of the state of Alabama. (Doc. No. 36-3 at 1.) E&D is an Alabama limited liability company with its principle place of business in Florence, Alabama. (Id.) E&D, along with Noiseblock, owns Christmas of Light. (Id. at 2.) E&D and Sak were served with the complaint in Florence, Alabama. (Id.)

The complaint alleges that Sak told Gary and Ryan Baker to make certain promises to In:ciite to ensure that they would continue to work on the show even though it needed $734,800 to fully-fund the show. (Doc. No. 1 at 7-8.) Sak gave this order in his capacity as owner of E&D. (Id.) The complaint further alleges that E&D profited from In:ciite's production of the show. (Id.) Chris Thomason, President and CEO of In:ciite, submitted an affidavit stating that Sak and Ryan Baker told him that they would provide all of the outstanding funding to In:ciite. (Doc. No. 59-1 at 3.) Thomason also averred that in the Christmas of Light organization, it stated that E&D and Noiseblock explicitly represented that the purpose of creating Christmas of Light is to "produce the production commonly known as 'Thomas Kinkade's Christmas of Light'" in Tennessee. (Id. at 4.) Further, Sak met with Thomason in Sevierville, Tennessee, to discuss the outstanding payments owed to In:ciite. (Id. at 5.)

For a court to exercise specific jurisdiction over a defendant, the plaintiff must prove: (1) the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Southern Machine Co. v. Mohasco Industs., Inc., 401 F.2d 374, 381 (6th Cir. 1968). The key question is whether the defendant purposefully availed himself. Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550-51 (6th Cir. 2007). A defendant

"purposefully avails" himself "by engaging in activity that should provide 'fair warning' that he may have to defend a lawsuit there." Youn v. Track, Inc., 324 F.3d 409, 418 (2003) (quoting World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, Sak and E&D purposefully availed themselves to Tennessee. Taking the allegations in the complaint as true, as well as Mr. Thomason's affidavit, Sak and E&D engaged in more than enough activity "that should provide 'fair warning' that" Sak and E&D may have to defend a lawsuit in Tennessee. Sak promised to fund the show, attended the show, and attended meetings about funding the show in Tennessee. E&D promoted itself on the show's website. The Court finds that they purposefully availed themselves to Tennessee. The promissory estoppel cause of action arose from Sak and E&D's actions in Tennessee, and the acts are substantial enough to make exercising personal jurisdiction over Sak and E&D reasonable. Therefore, their motion to dismiss for lack of personal jurisdiction is denied.

   1. *Ryan Baker and Noiseblock*

Ryan Baker and Noiseblock also argue that they did not purposefully avail themselves to Tennessee. (Doc. No. 43-2.) The complaint alleges that Ryan Baker attended a meeting in Sevierville, Tennessee, where he affirmatively promised In:ciite that In:ciite's production fee would be fully paid. (Doc. No. 1 at 7.) It alleges that Ryan Baker did so both as an agent of Christmas of Light and Noiseblock. (Doc. No. 1 at 7-8.) Additionally, Thomason's affidavit alleges that Ryan Baker, in his capacity as owner of Noiseblock, formed Christmas of Light in order to produce the Christmas show in Tennessee. (Doc. No. 59-1 at 4.) Ryan Baker requested that the show's website includes the Baker Family Foundation's logo instead of Noiseblock's logo. (Id. at 5.) Ryan Baker also attended the meeting in Sevierville, Tennessee, to discuss the deficiency in funding with In:ciite. (Id. at 7.) Ryan Baker promised that he would wire money for payroll by

November 30, 2015, and based on his assurances, "In:ciite decided to continue with the show." (Id.)

Ryan Baker, and his company Noiseblock, promised to fund the show, attended the show, and attended meetings about funding the show in Tennessee. Noiseblock's logo was on the show's website for some time before Baker replaced it with the Baker Family Foundation's logo. This is sufficient to show that they purposefully availed themselves to Tennessee. The causes of action arose from their actions toward Tennessee, and their actions are substantial enough to make exercising personal jurisdiction over them reasonable. Therefore, their motion to dismiss for lack of personal jurisdiction is denied.

IV. CONCLUSION

For the foregoing reasons, Sak and E&D's motion to dismiss (Doc. No. 36) is **DENIED**. Christmas of Light's motion to dismiss (Doc. No. 37) is **DENIED**. Ryan Baker and Noiseblock's motion to dismiss (Doc. No. 43) is **DENIED**. The Court will file an accompanying order.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE