UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN:CIITE MEDIA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTMAS OF LIGHT PRODUCTIONS, LLC et al.,<br><br>    Defendants. | Case No. 3:16-cv-00629<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

### MEMORANDUM ORDER

Defendants E & D Assets, LLC, and Eugene Sak have filed a motion for leave to file an amended counterclaim, crossclaim, and third-party complaint, in which they seek to add a claim for securities fraud under Alabama law against Plaintiff In:ciite Media, LLC; Defendants Provident Global Capital, LLC (PGC), and Third-Party Defendants Chris Thomason and Bryan Robinson. (Doc. No. 158.) In:ciite and Thomason responded in opposition (Doc. No. 160) and filed a motion to strike the amended counterclaim, crossclaim, and third-party complaint (Doc. No. 161). E & D and Sak have responded in opposition to the motion to strike. (Doc. No. 163.) For the reasons that follow, E & D and Sak's motion to amend will be granted, and In:ciite and Thomason's motion to strike will be denied.

**I.    Relevant Background**

In:ciite filed a complaint on March 18, 2016, against Defendants PGC; Christmas of Light Productions, LLC (COLP); COLP's owners, Noiseblock Entertainment Group, LLC and E & D; Noiseblock's owners, Gary Baker and Ryan Baker; and E & D's owner, Sak. (Doc. No. 1.) The complaint states that In:ciite entered into two contracts with PGC: a master services agreement

under which In:ciite would create music projects for PGC, including an album and book known as Thomas Kinkade's Christmas of Light; and a show contract under which In:ciite would create a live stage production of the same name. (*Id.*) In:ciite claims that, in November 2015, COLP purchased all of PGC's assets and liabilities, and PGC's contractual obligations—including the two contracts with In:ciite—were assigned to COLP. (*Id.*) In:ciite alleges that it fully performed its contractual obligations but has not been paid in full and brings claims against COLP, COLP's owners, and PGC for breach of contract, promissory estoppel, and a declaratory judgment regarding COLP's future contractual obligations. (*Id.*)

E & D and Sak filed an answer, counterclaim, crossclaim, and third-party complaint (countercomplaint) against Robinson, Thomason, In:ciite, and PGC. (Doc. No. 92.) E & D and Sak allege that E & D invested $500,000 in the stage production based on false representations by Robinson and Thomason and that further misrepresentations led COLP to give In:ciite $209,000 of additional funding while In:ciite kept all income from merchandise sales, royalties, show production income and approximately $135,000 worth of CDs and did not provide an accounting of its income and expenses. (*Id.*) E & D and Sak claim that their investments have not been repaid as required by E & D's repayment agreement. (*Id.*) They assert claims for fraud, suppression and misrepresentation, fraud in the inducement, unjust enrichment, and conspiracy, and demand an accounting of In:ciite's receipts and disbursements related to the stage production and music sales.[1] (*Id.*)

---

[1] Gary Baker has also filed a counterclaim against In:ciite claiming that In:ciite hired him to serve as the music director for the live show but has not paid $15,000 it owes him for work he performed under the hiring agreement. (Doc. No. 42.) Intervenor Defendant Judith Thompson, the Chapter 7 Trustee in COLP's bankruptcy proceedings, has intervened on COLP's behalf and filed counterclaims against In:ciite, crossclaims against PGC, and third-party claims against Thomason and Robinson for fraud, suppression and misrepresentation, fraud in the inducement, conspiracy,

The Court stayed this action from April 26, 2017, to April 15, 2020, while COLP's went through bankruptcy proceedings in the Northern District of Alabama. (Doc. Nos. 116, 146.) On April 24, 2020, the Court entered an amended case management order setting October 1, 2020, as the deadline for filing motions to amend the pleadings. (Doc. No. 148.) On October 1, 2020, E & D and Sak moved to amend their countercomplaint under Federal Rule of Civil Procedure 15(a)(2) to add a claim for securities fraud under Alabama law. (Doc. No. 158.) In:ciite and Thomason oppose the motion to amend, arguing that the motion was made in bad faith because it is not based on any new evidence discovered since the original countercomplaint was filed. (Doc. No. 160.) In:ciite and Thomason also argue that amendment would be futile because Thomason "never solicited, requested, or asked for monetary investment or security from [Sak] at any time, for any projects which are the subject of this litigation" (Doc. No. 160, PageID# 1346) and provide an affidavit from Robinson to support this assertion (Doc. Nos 160-1). E & D and Sak did not file an optional reply.

On the date they responded to the motion to amend, In:ciite and Thomason also moved to strike E & D and Sak's proposed securities fraud claim under Rule 12(f), arguing that there is no evidence showing that Thomason solicited funds from Sak and again providing Robinson's affidavit. (Doc. Nos. 161, 162.) E & D and Sak responded that (1) the motion to strike claims from the proposed amended countercomplaint is premature because it was filed before the Court ruled on the motion to amend; (2) Rule 12(f) is not the appropriate procedural vehicle to seek dismissal of an entire claim; and (3) because the motion to strike refers to matters outside the pleadings, it should be treated as a motion for summary judgment and should be denied for failure to satisfy

---

and breach of contract, and to file crossclaims against Noiseblock and E & D for breach of contract. (Doc. No. 129.)

Federal Rule 56 and Local Rule 56.01(b). (Doc. No. 163.) In:ciite and Thomason have not filed a reply.

## II. Legal Standard

### A. Motions to Amend Under Federal Rule of Civil Procedure 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

4
Case 3:16-cv-00629   Document 166   Filed 06/01/21   Page 4 of 7 PageID #: 1375

### B. Motions to Strike Under Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice."). This reluctance to strike pleadings stems from "the practical difficulty of deciding cases without a factual record . . ." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822, and the potentially "dilatory and often harassing character" of a motion to strike, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. updated Apr. 2021). District courts have ample discretion to strike filings under Rule 12(f), and their decisions are reviewed only for abuse of that discretion. *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d at 1050; *see also Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) ("A court has 'liberal discretion to strike such filings' as it deems appropriate under Rule 12(f)." (citation omitted)).

### III. Analysis

In:ciite and Thomason argue that E & D and Sak should not be permitted to amend their countercomplaint without providing evidentiary support for the proposed claims. This position is contrary to well-established law. The Court must judge the futility of a proposed amendment based on the sufficiency of the proposed amended pleading itself and not the sufficiency of the evidence, which is appropriately challenged by a motion for summary judgment. *See Rose*, 203 F.3d at 421 ("The test for futility . . . does not depend on whether the proposed amendment could potentially

5
Case 3:16-cv-00629   Document 166   Filed 06/01/21   Page 5 of 7 PageID #: 1376

be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). In:ciite and Thomason have not addressed whether the proposed amended countercomplaint would survive a motion to dismiss and have not shown that the motion to amend was filed in bad faith or that they would be prejudiced by amendment. Accordingly, E & D and Sak's motion to amend will be granted.

In:ciite and Thomason's motion to strike, which asserts the same arguments as their response to E & D and Sak's motion to amend, will be denied. Filing a motion to strike a proposed pleading is not the proper way to oppose a motion to amend, *see* M.D. Tenn. R. 7.01(a)(3) (response); nor is it "a proper way to procure the dismissal of all or part of a complaint, or a counterclaim[.]" Wright & Miller, *supra*, § 1380. Further, In:ciite and Thomason have not shown that striking E & D and Sak's securities fraud claim is warranted. In:ciite and Thomason argue that the securities fraud claim is scandalous and therefore falls under Rule 12(f) because it contradicts Robinson's affidavit stating that Thomason never solicited an investment from Saks. But a scandalous allegation is one "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Ciccio v. SmileDirectClub, LLC*, No. 3:19-cv-00845, 2020 WL 2850146, at *5 (M.D. Tenn. June 2, 2020) (*quoting Neal v. City of Detroit*, No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018)). In:ciite and Thomason have not argued that the securities claim sullies any person's moral characcter or "detracts from the dignity of the court." *Ciccio*, 2020 WL 2850146, at *5. Instead, they have prematurely attempted to challenge the evidentiary basis for the claim. Therefore, In:ciite and Thomason's motion to strike will be denied.

**IV.     Conclusion**

For the foregoing reasons, E & D and Sak's motion to file an amended counterclaim, crossclaim and third-party complaint (Doc. No. 158) is GRANTED. The Clerk of Court is

6

DIRECTED to file the amended counterclaim, crossclaim, and third-party complaint (Doc. No. 158-1) as a separate docket entry. In:ciite and Thomason's motion to strike the amended counterclaim, crossclaim, and third-party complaint (Doc. No. 161) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge